```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAMEEK BROWN,

                    Petitioner,
                                                             OPINION AND ORDER
        -against-                                            04-CV-1087 (NG) (VVP)

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
------------------------------------------------------------x
```

**GERSHON, United States District Judge:**

*Pro se* petitioner Rameek Brown filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in custody in violation of the Constitution and laws of the United States pursuant to the judgment of a court of the State of New York. On August 12, 2006, petitioner requested that the court dismiss his petition for a writ of habeas corpus without prejudice because there are claims that he failed to include in the petition. For the reasons stated below, petitioner's request to dismiss the petition without prejudice is denied, and his application for a writ of habeas corpus is also denied.

## I.  PROCEDURAL HISTORY

Following a jury trial in New York Supreme Court, Kings County (Knipel, J.), petitioner was convicted of two counts of sexual abuse in the first degree, N.Y. Penal Law § 130.65(1), one count of criminal trespass in the second degree, N.Y. Penal Law § 140.15, and one count of harassment in the second degree, N.Y. Penal Law § 240.26(1).  Petitioner was sentenced to concurrent prison terms of seven years for each sexual abuse conviction, one year for the criminal trespass conviction, and fifteen days for the harassment conviction.

On direct appeal to the Appellate Division, Second Department, petitioner raised two claims: (1) the evidence was legally insufficient to establish first degree sexual abuse; and (2) the police officer's testimony exceeded the scope of the "prompt outcry" exception to the rule against hearsay. Petitioner argued that, although not preserved for appellate review under New York law, his insufficiency of the evidence claim should be heard by the Appellate Division "in the interest of justice." With respect to the claim that the police officer's testimony exceeded the scope of the "prompt outcry" hearsay exception, petitioner argued that it was preserved for appellate review. By order dated February 3, 2003, the Appellate Division affirmed petitioner's conviction, finding that both claims were "unpreserved for appellate review" and without merit.[1] *People v. Brown*, 302 A.D.2d 403 (2d Dep't 2003). Petitioner's application for leave to appeal to the New York Court of Appeals was denied on April 8, 2003. *People v. Brown*, 99 N.Y.2d 653 (2003).

On January 12, 2004, petitioner filed an application for a writ of habeas corpus. The petition states four grounds for relief: (1) the evidence at trial was insufficient to establish first degree sexual abuse; (2) the police officer's testimony exceeded the scope of the "prompt outcry" exception to the rule against hearsay; (3) trial counsel was ineffective; and (4) the evidence adduced at trial was procured in violation of petitioner's constitutional rights.

In an order dated February 2, 2005, this court advised petitioner that his habeas petition was

---

[1] With respect to petitioner's insufficiency of the evidence claim, the Appellate Division stated that, "[i]n any event, viewing the evidence in the light most favorable to the prosecution . . . we find that it was legally sufficient to demonstrate 'forcible compulsion' beyond a reasonable doubt." *People v. Brown*, 302 A.D.2d 403 (2d Dep't 2003) (citations omitted). With respect to petitioner's claim regarding the police officer's testimony, the Appellate Division stated that, "[i]n any event, the brief testimony did not exceed the scope of the prompt outcry exception, which permits the prosecution to elicit testimony that a victim promptly complained of a sexual assault." *Id.* (citations omitted).

2

a "mixed petition" because it contains both exhausted and unexhausted claims. Petitioner was given the option either to abandon his unexhausted claim and proceed with only his exhausted claims, or have the court stay the petition while he returned to state court to exhaust the unexhausted claim. *See Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir. 2001).[2] Specifically, the court advised petitioner that "the petition includes a claim of ineffective assistance of trial counsel that petitioner has not exhausted in state court." Petitioner requested that the court hold his petition in abeyance pending state court proceedings, and on March 1, 2005 this court granted petitioner's request. The court's stay was conditioned on the following: (1) that petitioner pursue state court remedies within 30 days of receipt of the order; and (2) that petitioner notify this court within 30 days of the conclusion of the state court proceedings. *See Zarvela*, 254 F.3d at 381. Petitioner was also required to file his motion to amend his petition, as well as the proposed amended petition at that time.

On May 3, 2005, petitioner filed an application for a writ of error *coram nobis* in the Appellate Division, Second Department, claiming ineffective assistance of appellate counsel. Petitioner alleged that appellate counsel failed to argue that (1) the trial court erred when it allowed the knife into evidence; and (2) the verdict was repugnant. The Appellate Division denied petitioner's application, stating that he "failed to establish he was denied the effective assistance of counsel." *People v. Brown*, 22 A.D.3d 595, 596 (2d Dep't 2005). Petitioner sought leave to appeal to the New York Court of Appeals, and by order dated January 24, 2006, the request was denied. *People v. Brown*, 6 N.Y.3d 774 (2006).

---

[2] The court is aware that the current standard for issuing a stay of a petition for a writ of habeas corpus is governed by *Rhines v. Weber*, 544 U.S. 269 (2005). However, the stay that was issued in petitioner's case predates *Rhines*.

Following the denial of petitioner's motion for a writ of error *coram nobis*, petitioner made an application to this court, dated January 28, 2006, to reopen this case and for leave to amend his petition to add a claim of ineffective assistance of appellate counsel. On August 12, 2006, petitioner submitted a letter to the court requesting that it dismiss his petition for a writ of habeas corpus without prejudice because there are claims that he failed to include in the petition. However, if the court were to grant petitioner's request to dismiss the petition without prejudice, any future petition would be barred by the one year statute of limitations. Petitioner was previously granted a stay, with which he failed to comply; therefore, the court declines to offer him another opportunity for a stay. However, to give petitioner the benefit of any possible claim on the merits, the court will address the pending petition.

## II. PETITIONER'S CLAIMS

### A. Procedural Default

When a habeas corpus petitioner defaults a federal claim in state court, either by failing to preserve the claim for state appellate review or by failing to present the claim to the appropriate state forum within the time period prescribed by state law, the independent and adequate state ground doctrine bars federal habeas corpus review. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The doctrine provides that a federal court many not review a question of federal law decided by a state court "if the decision of that court rest on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. The independent and adequate state law ground may be either substantive or procedural. *Id.*

A federal court may consider a claim that was defaulted in state court only if the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal

4

law, or demonstrates that failure to consider the claim would result in a fundamental miscarriage of justice because the petitioner is actually innocent of the crime for which he or she is convicted. *Id.* at 750.

### 1. Insufficiency of the Evidence

Petitioner claims that his conviction for first degree sexual abuse was based on insufficient evidence because the evidence at trial failed to demonstrate that he used "forcible compulsion" to achieve sexual contact. New York law requires that an alleged error of law in a criminal case be preserved for appeal by the timely registration of a protest with the trial court. *See* N.Y. Crim. Proc. Law § 470.05[2]. A general motion to dismiss made at the close of evidence is insufficient to preserve a claim regarding the establishment of a particular element of the crime for appellate review; the claim must be presented to the trial court with specificity to satisfy the preservation requirements of Section 470.05[2]. *See People v. Gray*, 86 N.Y.2d 10, 19-20 (1995); *see also Dixon v. Miller*, 293 F.3d 74, 79-80 (2d Cir. 2002).

Here, petitioner's trial counsel made a motion to dismiss at the conclusion of the People's case and at the close of all the evidence. However, she did not specifically mention the sufficiency of the evidence regarding forcible compulsion. In fact, in petitioner's state appellate brief, he expressly conceded that he failed to preserve his insufficiency of the evidence claim. As a result, the Appellate Division held that petitioner's insufficiency of the evidence claim was "unpreserved for appellate review." *Brown*, 302 A.D.2d at 403. The Appellate Division's explicit invocation of the procedural default pursuant to N.Y. Crim. Proc. Law § 470.05[2] constitutes an independent and adequate state ground, notwithstanding that the court addressed the merits of the claim in an alternative holding. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)("a state court need not fear

5

reaching the merits of a federal claim in an *alternative* holding" as long as it "explicitly invokes a state procedural bar rule as a separate basis for decision")(emphasis in original).

Petitioner does not allege, nor can he establish, either cause and prejudice or actual innocence for the procedural default of this claim. Accordingly, petitioner's insufficiency of the evidence claim is procedurally barred from federal habeas review.

### 2. Officer Galvin's Testimony

Petitioner claims that Officer Galvin's testimony exceeded the scope of the "prompt outcry" exception to the rule against hearsay. Specifically, petitioner argues that Officer Galvin described the complainant's account of the sexual abuse and not simply the fact that a complaint of sexual abuse had been made. In New York, evidence that a victim of a sexual assault promptly complained about the attack is admissible as an exception to the rule against hearsay. *People v. McDaniel*, 81 N.Y.2d 10, 16 (1993); *People v. Rice*, 75 N.Y.2d 929, 931 (1990). The evidence is admissible for the limited purpose of establishing that such a complaint was made; the details of the actual incident, however, are not admissible. *McDaniel*, 81 N.Y.2d at 17; *Rice*, 75 N.Y.2d at 932.

While on direct examination by the People, Officer Galvin recalled what occurred when he and his partner, Officer McSharry, arrived at the complainant's home. Officer Galvin testified that while he spoke with petitioner, Officer McSharry spoke with the complainant. Tr. 109. When asked by the prosecution whether he could hear what the complainant said to the other police officer, defense counsel objected and stated, "[i]t's hearsay. There is no exception for this." Tr. 110-11. The trial judge ruled that Officer Galvin's testimony was "outcry evidence" and that "anybody who hears outcry can testify to it." Tr. 111. Officer Galvin's testimony continued as follows:

6

> Q: Officer, what did you hear [complainant] say to Officer McSharry?
>
> A: She was describing what happened. That the defendant came in to push his way to her apartment. And then started grabbing her, and rubbing himself on her.
>
> Q: So, it is your testimony that [complainant] then stated to Officer McSharry that she was sexually assaulted, is that what you are saying?
>
> [DEFENSE COUNSEL]: Objection.
>
> THE COURT: Sustained as leading. It's a very leading question.

Tr. 111-12. The Appellate Division held that petitioner's claim that Officer Galvin's testimony exceeded the scope of the "prompt outcry" hearsay exception was "unpreserved for appellate review." *Brown*, 302 A.D.2d at 403. The Appellate Division's explicit invocation of the procedural default constitutes an independent state ground, notwithstanding that the court addressed the merits of the claim in an alternative holding. *Harris*, 489 U.S. at 264 n.10. Petitioner asserts, however, that his claim was preserved and that the "state failed to adhere to their own existing rules of law, but engaged in the ad hoc repeal of rules by refusing to apply existing rules." In essence, petitioner argues that the procedural default is inadequate under federal law to bar federal habeas review.

"A procedural default will be deemed adequate only if it is based on a rule that is firmly established and regularly followed by the state in question." *Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003)(citing *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999). When a federal court concludes that a procedural rule is inadequate, the rule does not operate to bar habeas corpus review. *Monroe v. Kuhlman*, 433 F.3d 236, 241 (2d Cir. 2006). In determining whether the application of a state procedural rule is firmly established and regularly followed, a court should consider the

7

following guideposts:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

*Cotto*, 331 F.3d at 240 (quoting *Lee v. Kemna*, 534 U.S. 362 (2002)).

With respect to the first factor, petitioner's failure to raise his objection in direct response to the amount of detail given by Officer Galvin deprived the trial court of the opportunity to consider petitioner's arguments and make a ruling on those arguments. As to the second factor, at the time of petitioner's trial, New York case law clearly indicated that compliance with the rule requiring timely registration of a specific protest was demanded in the circumstances presented. *See People v. West*, 56 N.Y.2d 662, 663 (1982)(objection was not preserved for appellate review because "[a]lthough a general protest was raised against this testimony, defendant at no time objected to this testimony on the specific ground that it constituted improper bolstering."); *People v. Castro*, 255 A.D.2d 331, 332 (2d Dep't 1988)(objection was not preserved for appellate review where "defendant failed to object to portions of the testimony, [and] made only a general objection to other portions of the testimony" regarding prompt outcry evidence.) Finally, petitioner failed to substantially comply with the state procedural rule. Petitioner's general hearsay objection to Officer Galvin's testimony would not have put the trial court on notice of the claim specific asserted here, that the scope of the police officer's testimony exceeded the scope of the "prompt outcry" exception to the rule against hearsay.

In sum, the procedural rule embodied in N.Y. Crim. Proc. Law § 470.05[2] is firmly

established and regularly followed by New York courts in circumstances akin to the circumstances of petitioner's case. The procedural rule is therefore adequate to bar federal habeas corpus review of this claim.

Petitioner does not allege, nor can he establish, either cause and prejudice or actual innocence for the procedural default of this claim. Accordingly, petitioner's claim that the police officer's testimony exceeded the scope of the "prompt outcry" exception to the rule against hearsay is procedurally barred from federal habeas review.

### B. Exhaustion of State Remedies

A petitioner has the additional procedural burden of proving that he has exhausted his claims in state court. "An application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the petitioner must first "fairly present" his federal claim to the highest state court from which a decision can be rendered, *see Daye v. Attorney Gen. of New York,* 696 F.2d 186, 190-91 n.3 (2d Cir. 1982)(en banc), that is, the petitioner must have informed the state court of "both the factual and the legal premises of the claim [asserted] in federal court." *Id.* at 191. "This exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman*, 501 U.S. at 731. Although a federal court may not grant a habeas petition on an unexhausted claim, AEDPA permits a court to deny a claim on the merits, notwithstanding that it is unexhausted. 28 U.S.C. § 2254(b)(2); *Pratt v. Grenier*, 306 F.3d 1190, 1197 (2d Cir. 2002).

9

### 1. Ineffective Assistance of Trial Counsel

Petitioner argues that he received the ineffective assistance of trial counsel, a claim that petitioner concedes he failed to raise on direct appeal. When this court informed petitioner that his habeas petition was a "mixed petition," it specifically advised petitioner that "the petition includes a claim of ineffective assistance of trial counsel that petitioner has not exhausted in state court." While the court accepts petitioner's filing of his writ of error *coram nobis* as timely, petitioner failed to comply with the stay order, which clearly identified the unexhausted claim as the ineffective assistance of trial counsel. Rather than returning to state court to exhaust this claim, petitioner exhausted an entirely new claim, namely, the ineffective assistance of appellate counsel. *See People v. Brown*, 22 A.D.3d 595 (2d Dep't 2005), *lv. denied*, 6 N.Y.3d 774 (2006). Therefore, petitioner's claim of ineffective assistance of trial counsel remains unexhausted.[3] In any event, the grounds petitioner asserts for this claim do not warrant habeas relief.

Petitioner argues that his trial counsel was ineffective because trial counsel failed to (1) file a motion seeking petitioner's release from pre-trial detention; and (2) secure petitioner's right to testify before the grand jury. Neither of the asserted grounds for the ineffective assistance of trial counsel affects the validity of petitioner's conviction, and therefore neither can be the basis for post-

---

[3] Petitioner contends that he is procedurally barred from bringing his ineffective assistance of trial counsel claim in a post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10 because "appellate counsel failed to raise this issue on direct appeal." However, petitioner is mistaken. When the facts supporting a claim of ineffective assistance of counsel appear outside the record, as they do here, petitioner may bring a post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10(2)(c); *Sweet v. Bennett,* 353 F.3d 135, 139 (2d Cir. 2003)(citing *People v. Harris*,109 A.D.2d 351, 360 (2d Dep't 1985)). With respect to his ineffective assistance of counsel claim arising from trial counsel's failure to secure petitioner's right to testify before the grand jury, petitioner was expressly informed that the proper vehicle to raise that claim was in a post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10. *See People v. Brown*, No. 6402/00, slip op. at 2 (N.Y. Sup. Ct. Feb. 26, 2001)(Firetog, J.)

conviction habeas relief. *See* 28 U.S.C. § 2254. Furthermore, with respect to petitioner's claim that trial counsel failed to secure his right testify before the grand jury, petitioner's conviction by the petit jury renders harmless any error that may have occurred in the grand jury. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989). Therefore, the grounds petitioner asserts for his ineffective assistance of trial counsel claim are insufficient to warrant post-conviction habeas relief.

Finally, prior to seeking to dismiss the entire petition without prejudice, petitioner sought leave to amend his petition to assert a claim of ineffective assistance of appellate counsel. That claim is barred by the one year statute of limitations imposed by AEDPA. 28 U.S.C. § 2244(d). Petitioner's conviction became final on July 7, 2003, the date on which his time to seek a writ of certiorari from the United States Supreme Court expired. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Therefore, the one year statute of limitations expired on July 7, 2004. Petitioner raised the claim of ineffective assistance of appellate counsel in this court for the first time in a letter dated January 28, 2006. While the statute of limitations on this claim was tolled from May 3, 2005 through January 24, 2006, the period during which petitioner's writ of error *coram nobis* was pending in state court, the one year statute of limitations on this claim had already expired.

To add a new claim once the statute of limitations has expired, petitioner is required to show that the amendment "relates back" to the claims in the original petition. Fed. R. Civ. P. 15(a); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. Fed. R. Civ. P. 15(c)(2). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v.*

*Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2574 (2005). A proposed amendment, however, will not relate back to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

Here, petitioner's claim of ineffective assistance of appellate counsel, as presented in his writ of error *coram nobis*, was based on appellate counsel's failure to argue: (1) the knife was improperly admitted into evidence during petitioner's trial; and (2) the verdict was repugnant.[4] Neither of these grounds arises from the same facts set forth in petitioner's habeas petition. Therefore, petitioner's claim of ineffective assistance of appellate counsel does not relate back to the date of his original petition and is barred as untimely.

### 2. Evidence at Trial

Petitioner asserts that material evidence adduced at trial was procured in violation of his constitutional rights. Although this claim appears to be unexhausted, it is nonetheless insufficient to warrant habeas relief. A habeas petition may be denied "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous." *United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970); *Skeete v. People of New York State*, No. 98 Civ. 5384 2003 WL 22709079, at *2 (E.D.N.Y. 2003)("vague, conclusory and unsupported claims do not advance a viable claim for habeas corpus relief.")(citation omitted).

Petitioner's allegation is no more than a vague and conclusory allegation. Petitioner fails

---

[4] Attached to petitioner's application for a writ of error *coram nobis* were two letters petitioner received from his appellate counsel, David L. Duncan, of Appellate Advocates. Although one of the letters refers to petitioner's interest in pursuing a claim of ineffective assistance of trial counsel based on trial counsel's failure to secure petitioner's right to testify before the grand jury, petitioner never raised this issue as a basis for his ineffective assistance of appellate claim in his writ of error *coram nobis*.

to set forth any facts, description, or specific citation to the trial transcript with respect to these alleged errors. Even construing the petition liberally, the court is unable to decipher a factual or legal basis, other than those previously asserted, for this claim.

### III. CONCLUSION

For the reasons set forth above, petitioner's request to dismiss the petition without prejudice is denied, and his application for a writ of habeas corpus is also denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Moreover, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgement for respondent and close this case.

                                                          **SO ORDERED.**

                                                           /s/ *Nina Gershon*
                                                          **NINA GERSHON**
                                                          **United States District Judge**

Dated: October 30, 2006
       Brooklyn, New York